# EXHIBIT A



July 20, 2020

Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201

214 747 5070 main
214 747 2091 fax

**Via ECF**

The Honorable Chief Judge Rodney Gilstrap
Sam B. Hall, Jr. Federal Building and U.S. Courthouse
100 East Houston St
Marshall, TX 75670

Ricardo J. Bonilla
Principal
rbonilla@fr.com
214 292 4012 direct

Re: *AlexSam, Inc. v. Cigna Corp.*, et al.
E.D. Tex. – Marshall Division – Case No. 2:20-cv-0081-JRG-RSP

Judge Gilstrap,

Pursuant to the Court's Standing Order Regarding Motions Under 35 U.S.C. § 101, the parties hereby submit their positions regarding their disagreement[1] as to the necessity of claim construction to inform the Court's analysis as to patentability.

**I.  Defendant Cigna's position.**

This case is a prime candidate for dismissal at the pleading stage because it is apparent from the face of the patent that the asserted claims are directed to ineligible subject matter. *See Ultramercial, Inc. v. Hulu*, LLC, 772 F.3d 709, 718–19 (Fed. Cir. 2014) (Mayer, J., concurring). Such a case should be dismissed even before claim construction when there is no plausible construction that could confer eligibility. *See Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (citing id. at 714–15; *Bancorp Servs. L.L.C v. Sun Life Assur. Co.*, 687 F.3d 1266, 1273–74). Cigna's motion establishes that the asserted claims of the '608 Patent—claims 32 and 33—are ineligible on their face, and there exists no plausible claim construction for any claim that would render the asserted claims eligible.

Cigna has made a prima facie case for patent ineligibility, and the burden now shifts to AlexSam to demonstrate a genuine claim construction dispute that could affect the outcome. *See Jedi Techs., Inc. v. Spark Networks, Inc.*, No. CV 1:16-1055-GMS, 2017 WL 3315279, at *6 (D. Del. Aug. 3, 2017) (finding claim construction was not necessary where the plaintiff failed to identify any specific claims which, if scrutinized during claim construction, would impact the § 101 analysis, and granting motion to dismiss); *see also e.g., Voxathon LLC v. Alpine Elecs. of Am., Inc.*, No. 2:15-cv-562-JRG, 2016 WL 260350 at *4 (E.D. Tex. Jan. 21, 2016) (Gilstrap, C.J.) ("Since the proving of a negative is historically disfavored, once Defendants make a prima facie showing that an inventive

---

[1] Cigna inadvertently omitted the requisite certification from its opening brief in support of its motion to dismiss. Undersigned counsel does certify, however, that the parties' lead counsel met and conferred, and that they disagree regarding the necessity of claim construction at this stage.

concept is absent, it falls upon Voxathon to show that there is, in fact, an inventive concept actually present."). AlexSam cannot do so, and therefore, this motion is ripe for consideration and should be granted.

Cigna addressed the irrelevance of any claim construction dispute in its motion. (*See* Mot. at 19-20.) Cigna is aware that AlexSam has previously argued that the claims' recitation of "a first database" and "a second database" necessitate construction before the Court can conduct the eligibility analysis. *See AlexSam, Inc. v. HealthEquity, Inc.*, Case No. 2:19-cv000445-HCN-CMR, Dkt. No. 36 at 10 (AlexSam's opposition to defendant's motion to dismiss). AlexSam contends that the terms must be construed to allow the two databases to communicate with each other. At best, this argument is irrelevant to the eligibility analysis. First of all, the claims do not require the two databases to communicate with each other, as nothing in the claim language or the specification requires such an interpretation. The claims' recitation of the databases is only to inform that the processing hub is able to access one database when the claimed card is being used for one purpose, and to access another database if the card is used for a different purpose. There is no need in the claims or in the purported invention that the two databases accessed by the processing hub be able to communicate with one another.

Second, even if AlexSam were correct, that two databases can communicate with each other is not inventive or an improvement to the recited technology—it is simply a narrowing of the abstract idea of using a single card to access multiple databases. "As a matter of law, narrowing or reformulating an abstract idea does not add 'significantly more' to it." *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1291 (Fed. Cir. 2018). Accordingly, even accepting all of AlexSam's proposed constructions as correct does not alter the eligibility analysis. Consequently, claim construction does not preclude granting Cigna's motion.

## II. Plaintiff's AlexSam's position.

**Based Upon Defendants' Motion to Dismiss, Claim Construction is Necessary to Inform the Court's Analysis as to Patentability.**

During the parties' meet-and-confer on July 9, 2020, Plaintiff's counsel confirmed with Defendants' counsel that Plaintiff contends that there are, in fact, claim construction disputes that are necessary to informing the Court's analysis as to Section 101 patent eligibility. Notably, Defendants' Motion failed to properly report the parties' dispute as to the necessity of claim construction.[2]

There are two asserted claims in this case – Claims 32 and 33 of the '608 Patent. Specifically, Claim 32 reads, with emphasis added:

---

[2] A "CERTIFICATE OF COMPLIANCE WITH THE COURT'S 35 U.S.C. § 101 MOTION PRACTICE ORDER" is required by Judge Gilstrap's Standing Order Regarding Motions Under 35 U.S.C. § 101 And Accompanying Certifications In Cases Assigned To United States District Judge Rodney Gilstrap, dated November 10, 2015, but a certificate was not included in Defendant's Motion.

> 32. A multifunction card system comprising:
> a. at least one ***debit/medical services card*** having a unique identification number encoded on it comprising a bank identification number approved by the American Banking Association for use in a banking network;
> b. a ***transaction processor*** receiving card data from an unmodified existing standard point-of-sale device, said card data including a unique identification number;
> c. a ***processing hub*** receiving directly or indirectly said card data from said transaction processor; and
> d. said processing hub accessing ***a first database*** when the card functions as a debit card and said processing hub accessing ***a second database*** when the card functions as a medical card**.**

Defendants' Motion to Dismiss proposes an alleged abstract idea: "[a]t its core, Claim 32 recites ***a system for accessing one of a plurality of databases with a debit card****.*" Dkt. No. 11 at 10. This proposed abstract idea, however, is incorrect. Primarily, it reads out a number of key claim terms, such as "debit/medical services card," and blurs away the significance of the two databases (i.e., medical and banking) that are required.

In addition to factual issues that need to be resolved*,* which will be addressed in Plaintiff's opposition, Defendants' Motion is premature because there are claim construction issues yet to be resolved. By way of example, the claim terms "a first database" and "a second database" as they appear in Claim 32 of the '608 Patent, as emphasized above, will need to be construed. These claim terms were not addressed in Defendant's Motion likely because they have not previously been construed, and therefore, AlexSam has not yet offered a prior construction. The inventive concept that is disclosed in Claim 32 with respect to "a first database" and "a second database" is the ability of two separate databases to communicate with each other. *See* '608 Patent, 3:54 – 64; 5:39-65; 10:7-64. Claim construction would necessarily reveal an improvement in technology and thus an inventive concept rendering the Asserted Claims to be patent eligible. *See, e.g.,* '608 Patent, at 2:51-64 – 3:6. And generally speaking, claim construction is usually a good idea. *See Bancorp Services, L.L.C. v. Sun Life Assur. Co. of Canada (U.S.),* 687 F.3d 1266, 1273-1274 (Fed. Cir. 2012) (Claim construction is "not an inviolable prerequisite to a validity determination under § 101. We note, however, that it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter.).

As another example, three separate courts have construed the term "debit/medical services card" differently. In *Alexsam, Inc. v. Humana, Inc.*, Civ. A. No. 2:07-CV-288-TJW, Dkt. No. 114 (E.D. Tex. Aug. 28, 2009) and *Alexsam, Inc. v. UnitedHealth Group Incorporated*, Civ. A. No. 2:07-CV-512-CE, Dkt. No. 101 (E.D. Tex. Dec. 01, 2010), the *Humana* and *UnitedHealth* courts construed the term to mean "a card that can function as both a debit card and a medical services card." However, recently in *AlexSam, Inc. v. MasterCard International, Inc.*, Civil Action No. 1:15-cv-02799-ILG-SMG, Dkt. No. 237 (E.D.N.Y), the *MasterCard* Court construed "debit/medical services card" to mean "a card that can function as part of a multifunction card system as both a debit card and a medical services card, the different functions depending upon

3

the database the system is directed to access when the card is used." AlexSam contends that resolution of this term's construction is necessary before this Court can resolve Defendants' Motion.

Finally, this Court's Standing Order does not require identification of proposed constructions at this stage of the case. The Parties' proposed claim constructions are not due to be shared until after the pleadings are completed, and Cigna has not provided any constructions that would support its proposed abstract idea. In contrast, AlexSam has identified several terms that, if AlexSam's constructions are accepted, would render Cigna's proposed abstract idea a nullity. Moreover, Cigna's positions regarding Step 1 and Step 2 of the *Mayo/Alice* Test would require revisiting a number of terms that this and other Courts have construed many times. In particular, Cigna's abstract idea would require that the term "processing hub" would have to be re-construed in order allow it to be ignored at Step 1 of the *Mayo/Alice* Test. And although AlexSam's position is that the asserted claims do not "fail" Step 1, given the expert opinion attached to its Complaint that the "processing hub" was not "conventional at the time of the invention, Cigna's 101 motion must be denied. *See e.g. BASCOM Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349-1351 (2016); *Aatrix Software, Inc. v. Green Shades Software, Inc.,* 882 F.3d 1121, 1128 (Fed. Cir. 2018). Given that the Parties dispute the need for claim construction, the proper course is move forward with claim construction before addressing Cigna's 101 Motion. *See MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1380 (Fed. Cir. 2019) ("district court erred by failing to address the parties' claim construction dispute before" determining patent eligibility).

Sincerely,

**Ricardo J. Bonilla**
Principal
Counsel for Defendants

4