# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ALEXSAM, INC., § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | | |
| CIGNA HEALTH AND LIFE § | Case No. 2:20-cv-00081-JRG-RSP | |
| INSURANCE COMPANY, § | LEAD CASE | |
| CONNECTICUT GENERAL LIFE § | | |
| INSURANCE COMPANY, and CIGNA § | | |
| HEALTHCARE OF TEXAS, INC., § | | |
| § | | |
| *Defendants*. § | | |
| | | |
| ALEXSAM, INC., § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Case No. 2:20-cv-00082-RSP | |
| § | MEMBER CASE | |
| UMB FINANCIAL CORPORATION and § | | |
| UMB BANK N.A, § | | |
| § | | |
| *Defendants*. § | | |

## MEMORANDUM ORDER

Before the Court is the Motion to Dismiss UMB Financial Corporation filed by consolidated Defendant UMB Financial Corp. in Case No. 2:20-cv-00082-RSP, Dkt. No. 26. UMB Financial's Motion seeks to dismiss this patent infringement action against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406.

**I.   BACKGROUND**

On March 18, 2020, Plaintiff AlexSam, Inc. sued Defendants UMB Financial Corp. ("UMB Financial") and UMB Bank, N.A. ("UMB Bank") alleging infringement of U.S. Patent

1

No. 6,000,608 (the "'608 Patent") by providing their customers a medical card for use in multifunction card systems that operated on the VISA or MasterCard networks in Case No. 2:20-cv-00082-RSP (the "Member Case"). On the same day, AlexSam filed the lead case, against the CIGNA entities, alleging infringement of the same patent. On August 24, 2020, UMB Financial filed the Motion to Dismiss. Member Case, Dkt. No. 26 (E.D. Tex. Aug. 24, 2020). The next day, the Court consolidated the case against UMB Financial and UMB Bank with the above-captioned matter. Dkt. No. 21.

AlexSam's Amended Complaint alleges that "UMB Financial and UMB Bank have marketed, promoted, and sold their health savings account products in Texas." Member Case, Dkt. No. 21, ¶ 18 (E.D. Tex. Aug. 10, 2020). AlexSam's Amended Complaint also asserts "UMB Financial is the signatory for three leases in Texas: Austin, San Antonio, and Plano, and UMB Financial's Plano location is located within the Eastern District of Texas." *Id.* at ¶ 20. AlexSam's Amended Complaint further claims "the Accused Products . . . are made, used, sold, or offered for sale at these locations and through third parties within the state of Texas." *Id.* at ¶ 13.

UMB Financial's Motion to Dismiss argues for dismissal for lack of personal jurisdiction and improper venue. Member Case, Dkt. No. 26. UMB Financial asserts that it is a financial holding company, incorporated in and with its principal place of business and corporate headquarters in Missouri, whose subsidiaries and affiliates provide banking services and asset servicing to their customers. *Id.* at 2. UMB Financial claims that it has never provided the allegedly infringing cards. *Id.* UMB Financial asserts that while UMB Financial is the signatory on three leases in Texas, UMB Bank alone operates the facilities on each of the properties and all resident employees are employed by UMB Bank. *Id.* at 3. Further, UMB Financial asserts its "only

specifically-alleged 'contacts' with Texas consist of its ownership of the UMB website and its (inadvertent) signatures on three leases." *Id.* at 14.

UMB Financial admits it owns the UMB website but argues that the website and its contents are managed by two teams. *Id.* at 4. UMB Financial states that the marketing team is comprised of UMB Financial employees, but that they only maintain the website and do so at the direction and under the control of management of UMB Bank. *Id.* UMB Financial asserts that the technology team is comprised of UMB Bank employees, and that they are responsible for the infrastructure and maintenance of the UMB website as well as the operation of the non-public facing infrastructure related to the Accused Products. *Id.*

In the Amended Complaint, AlexSam alleges that UMB Financial and UMB Bank are "alter egos/agents of each other." Member Case, Dkt. No. 21, ¶ 23. UMB Financial argues that the allegations "UMB Financial and UMB Bank share executives"; "UMB Financial has control over appointing UMB Bank's executives"; and "there is no distinct website" for each entity is insufficient to support an alter-ego theory. Member Case, Dkt. No. 26 at 11 (quoting Member Case, Dkt. No. 21 at ¶¶ 24–26).

AlexSam notes that the UMB Defendants share counsel and asserts that UMB Financial's challenge of personal jurisdiction and venue "appears to be designed to increase the costs and effort associated with litigating this matter." Dkt. No. 25 at 6. AlexSam argues that UMB Financial's control over its subsidiary, UMB Bank, and the shared website indicating that the website belongs to UMB Financial while identifying UMB Bank as offering Health Savings Accounts ("HSAs") makes it clear both are involved with offering, selling, marketing, and advertising the HSAs. *Id.* AlexSam asserts that the leases in Austin, Plano, and San Antonio that UMB Financial is the signatory for have not been provided to them to be able to determine the

3

nature of the relationship between the UMB Defendants with respect to their obligations for these locations. *Id.* at 7.

AlexSam requests that if the Court concludes that additional fact-finding is necessary to determine jurisdiction, AlexSam receive leave to take discovery regarding UMB Financial's contacts with Texas and the Eastern District of Texas. *Id.* at 15. AlexSam also presents a specific list of the jurisdictional discovery it would seek, along with requesting at least one Federal Rule of Civil Procedure 30(b)(6) deposition to explore the relationship of UMB Bank and UMB Financial for the Texas locations and one deposition regarding how HSAs are offered to customers in Texas through the UMB website. *Id.* at 16–17. Alternatively, if the Court determines that jurisdiction and/or venue are not appropriate, that UMB Financial be severed and the case transferred to the Western District of Missouri. *Id.* at 17.

## II.   LEGAL STANDARDS

A party may assert lack of personal jurisdiction and improper venue by motion. Fed. R. Civ. P. 12(b)(2–3). Because Texas' long-arm statute is co-extensive with federal due process requirements, the personal jurisdiction analysis "collapse[s] into a single inquiry: whether jurisdiction comports with due process." *See Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). Under due process considerations, jurisdiction is appropriate where the defendant has at least "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

"A Court can exert personal jurisdiction over a foreign defendant that purposefully avails itself of a forum, such as by 'delivering its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state.'" *Canon, Inc. v. TCL Electronics Holdings Ltd.*, Case No 2:18-cv-00546-JRG, Dkt. No. 114, at *3 (E.D. Tex. Mar. 25,

2020) (quoting *Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1233 (Fed. Cir. 2010). When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *See Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, Case No. 5:08-cv-00026-DF-CMC, Dkt. No. 143, 2009 WL 1025467, at *3 (E.D. Tex. Mar. 26, 2009).

"To survive a motion to dismiss in the absence of jurisdictional discovery, plaintiffs need only make a *prima facie* showing of jurisdiction." *Canon, Inc.*, Dkt. No. 114 at *3 (quoting *Nuance Communs., Inc.*, 626 F.3d at 1231 (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005))). When there has not been an evidentiary hearing, "the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff" and "accept the uncontroverted allegations in the plaintiff's complaint as true." *Id.* (quoting *Trintec*, 395 F.3d at 1282–83).

### A. General Jurisdiction

For general personal jurisdiction over a corporation, the corporation's "affiliations with the State [must be] so 'continuous and systematic' as to render [them] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Being "essentially at home" requires a presence in the forum state equivalent to being incorporated or headquartered there. *Id.*

### B. Specific Jurisdiction

Specific personal jurisdiction exists in disputes that "arise out of or are connected with the activities within the state." *Int'l Shoe*, 326 U.S. at 319. This exercise is reasonable "if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Loyalty Conversion Sys. Corp. v.*

*Am. Airlines, Inc.*, Case No. 2:13-cv-00655-WCB, Dkt. No. 127 at *14, 66 F.Supp.3d 795, 803 (E.D. Tex. 2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "The plaintiff bears the burden of showing (1) that the defendant purposefully directed its activities at residents of the forum, and (2) that the plaintiff's claim arises out of or relates to those activities." *Id.* at 804. A third factor, "whether assertion of personal jurisdiction is reasonable and fair" exists. *Nuance Communs., Inc.*, 626 F.3d at 1231 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545–46 (Fed. Cir. 1995); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). The Supreme Court "advises that the third factor applies only sparingly" and "[w]hen a defendant seeks to rely on the 'fair play and substantial justice' factor . . . 'he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* at 1231 (quoting *Burger King*, 471 U.S. at 477).

### C. Stream of Commerce

The stream of commerce theory of specific jurisdiction exists where "defendants, acting in consort, placed the accused [product] in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." *Canon Inc.*, Dkt. No. 114 at *3 (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994).

### D. Venue

Regarding venue, an action for patent infringement may only be brought where either "the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "[F]or purposes of § 1400(b) a domestic corporation 'resides' only in its State of incorporation." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). A "regular and established place of business" requires

"(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). When a nonresident defendant files a motion to dismiss for improper venue, the plaintiff bears the burden of establishing proper venue. *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

### III. ANALYSIS

After reviewing AlexSam's Amended Complaint, UMB Financial's Motion to Dismiss, and the associated briefing, the Court finds that while the Amended Complaint does not assert sufficient facts to support a finding of general jurisdiction, for the purposes of evaluating a Motion to Dismiss, the Amended Complaint alleges facts sufficient for a finding of minimum contacts by specific jurisdiction through the stream of commerce, as well as proper venue.

### A. General Jurisdiction

UMB Financial asserts it is are a Missouri company with its principal place of business and corporate headquarters located in Kansas City, Missouri. Member Case, Dkt. No. 26 at 7 (citing Member Case, Dkt. No. 31-1 at ¶ 4). UMB Financial argues that it does not "have or maintain any offices, facilities, or physical structures in Texas" and even "has no presence in Texas." *Id.* at 7–8. While AlexSam does not contest that UMB Financial is incorporated and headquartered in Missouri, the Amended Complaint alleges specific facts that, taken as true, show UMB Financial has a corporate presence in Texas.

When there has not been an evidentiary hearing "the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff" and "accept the uncontroverted allegations in the plaintiff's complaint as true." *Canon, Inc.*, Dkt. No. 114 at *3 (quoting *Trintec*, 395 F.3d at 1282–83). AlexSam's Amended Complaint alleges that "UMB Financial and UMB

Bank have marketed, promoted, and sold their [allegedly infringing] health savings account products in Texas." Member Case, Dkt. No. 21, ¶ 18. AlexSam's Amended Complaint also asserts "UMB Financial is the signatory for three leases in Texas: Austin, San Antonio, and Plano, and UMB Financial's Plano location is located within the Eastern District of Texas." *Id.* at ¶ 20. AlexSam's Amended Complaint further claims "the Accused Products . . . are made, used, sold, or offered for sale at these locations and through third parties within the state of Texas." *Id.* at ¶ 13.

Taking AlexSam's allegations in the complaint as true, UMB Financial has a corporate presence in three places in Texas. This, however, does not meet the burden of being "essentially at home" in Texas. *See Goodyear*, 131 S.Ct. at 2851. Accordingly, the Court finds that general personal jurisdiction has not been established.

## B. Specific Jurisdiction

AlexSam's Amended Complaint asserts that "UMB Financial and UMB Bank have marketed, promoted, and sold their health savings account products in Texas." Member Case, Dkt. No. 21, ¶ 18. AlexSam's Amended Complaint details that "UMB Financial owns, operates, advertises, and/or controls the website, www.UMB.com . . . through which Defendants sell, advertise, offer for sale, use, or otherwise provide the VISA Accused Products and the MasterCard Accused Products." *Id.* at ¶ 80.

The sale of these health savings account products is the activity that AlexSam asserts constitutes infringement of the '608 Patent. *Id.* at 1, 15–28. Specifically, AlexSam's Amended Complaint says, "Defendants provided their customers debit/medical services cards that operate on the VISA and/or MasterCard Networks and allow customers, to access their Flexible Spending Accounts ("FSAs"), Health Savings Accounts ("HSAs"), and/or Health Reimbursement Accounts

("HRAs") for use in multifunction card systems." *Id.* at 1. AlexSam's Amended Complaint then goes into detail about the VISA Accused Products, MasterCard Accused Products, and their theory of how they infringe the '608 Patent. *Id.* at 15–28. Taking AlexSam's allegations as true, the Court finds that with respect to these two factors, AlexSam has alleged sufficient facts to support a finding of specific jurisdiction in this matter.

UMB Financial argues that they have no physical presence in Texas and that requiring UMB Financial to produce witnesses and documents here would significantly burden UMB Financial. Member Case, Dkt. No. 26 at 14. This is controverted, however, by the three properties that UMB Financial leases in Texas, regardless of their characterization of their signatures on these leases as "inadvertent." *See Id.*

UMB Financial also argues that "[i]t would be unreasonable to force UMB Financial to defend itself in Texas based on allegations that do not arise out of any UMB Financial activities, let alone such activities directed toward residents of Texas." *Id.* This argument is contradicted by AlexSam's Amended Complaint's allegations that UMB Financial "ha[s] marketed, promoted, and sold their health savings account products in Texas." Member Case, Dkt. No. 21, ¶ 18. UMB Financial has not met their burden to establish "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *See Burger King*, 471 U.S. at 477. The Court finds that personal jurisdiction is established by sufficient allegations.

### C. Venue

AlexSam's Amended Complaint alleges that "UMB Financial is the signatory for three leases in Texas: Austin, San Antonio, and Plano, and UMB Financial's Plano location is located within the Eastern District of Texas." Member Case, Dkt. No. 21 at ¶ 20. AlexSam's Amended Complaint also asserts that "the Accused Products . . . are made, used, sold or offered for sale at

these locations and through third parties within the state of Texas." *Id.* at ¶ 13. Accordingly, AlexSam has sufficiently alleged that UMB Financial has committed acts of infringement in the Eastern District of Texas.

AlexSam's Amended Complaint alleges that the Plano property that UMB Financial leases is located at "7250 Dallas Pkwy., Ste. 1400, Plano, Texas 75024." *Id.* This is a physical place in the Eastern District of Texas. In order for this to be a "regular and established place of business" for UMB Financial, it must also "be a regular and established place of business" and "the place of the defendant." *In re Cray*, 871 F.3d at 1360.

UMB Financial argues that they do not maintain any "regular and established places of business" in the Eastern District of Texas. Member Case, Dkt. No. 26 at 15. They argue that "UMB Financial is merely a tenant of record on three leases in the State of Texas, only one of which is in the Eastern District," that "each of those leases corresponds to a property where a business is operated and controlled by UMB Bank," and accordingly "none is 'the place of the defendant' UMB Financial, as required by *Cray*." *Id.*

AlexSam's Amended Complaint alleges, "Defendants have regular and established places of business in this district and, upon information and belief, have committed acts of infringement in this District." Member Case, Dkt. No. 21 at ¶ 14. To support this, AlexSam's Amended Complaint asserts, "Defendants employ numerous employees in this District, offer the Accused Products to their customers in this District, and maintain equipment and other components of the infringing systems in this District." When there has not been an evidentiary hearing and jurisdictional discovery "the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff" and "accept the uncontroverted allegations in the plaintiff's complaint as true." *Canon, Inc.*, Dkt. No. 114 at *3 (quoting *Trintec*, 395 F.3d at 1282–83).

Accepting these allegations as true, for the purpose of UMB Financial's Motion to Dismiss, the Court finds that AlexSam has pleaded sufficient allegations to establish venue.

### IV.   CONCLUSION

The Court finds that specific personal jurisdiction is present and that venue is proper. Accordingly, the Court **DENIES** UMB Financial's Motion to Dismiss.

**SIGNED this 21st day of December, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE