

**2224 1st Avenue North**
**Birmingham, Alabama**
**35203**

Timothy C. Davis
Managing Partner
T: 205-327-9115

tim@hgdlawfirm.com
www.hgdlawfirm.com

October 19, 2021

<u>VIA</u> ECF

Judge J. Rodney Gilstrap
United States District Court – Eastern District of Texas
Sam B. Hall, Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, Texas 75670

**RE:   A**LEX**S**AM**, I**NC**. V. S**IMON **P**ROPERTY **G**ROUP**, L.P.** AND **B**LACKHAWK **N**ETWORK**, I**NC**.**
(2:19-CV-00331-JRG-RSP; "THE *SIMON* CASE")
*A*LEX*S*AM*, I*NC*.* V*. C*IGNA *C*ORP*.* ET AL*.* (2:20-CV-00081-JRG-RSP; "THE *CIGNA* CASE")
PLAINTIFF'S NOTICE REGARDING DISQUALIFICATION UNDER 28 U.S.C. § 455

***

Dear Judge Gilstrap:

We represent Plaintiff AlexSam, Inc. ("AlexSam") in the above-referenced matters. It has come to our attention that a conflict has recently arisen pursuant to 28 U.S.C. § 455(a) and/or (b), which the Parties are not permitted to waive. AlexSam respectfully informs the Court of the information provided below and asks the Court to instruct the Parties as to how to proceed under these circumstances.

Your Honor, while in private practice, represented a defendant, Interactive Communications, Inc. against AlexSam in the case styled, *AlexSam, Inc. v. Datastream Card Serv., et al.*, 2:03-cv-00337 through the claim construction process, which was followed by a Claim Construction Order (the "*Datastream* Order"). The *Datastream* Order was not relevant to any contested matter in the present cases until recently, because the Parties agreed to the construction set forth therein. Now, however, the *Datastream* Order has become a focal point in the cases as the Parties debate the meaning of the language used to construe a certain term of the Asserted Patents in the context of the summary judgment motions currently pending before Your Honor. Without delving into the merits of the Parties' respective positions, we feel obligated to alert the Court to this newly arisen conflict.

In view of these facts and Your Honor's prior involvement as counsel adverse to AlexSam, we have reviewed and considered 28 U.S.C. § 455(a) and (b)(2). Both may apply here. Section (a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Courts in the Fifth Circuit have held that the standard for determining whether a judge should recuse based on Section 455 is "whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality." *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999)

Judge J. Rodney Gilstrap re: 2:19-CV-00331-JRG-RSP
October 19, 2021
Page 2

(quoting *Vieux Carre Property Owners, Residents, and Associates, Inc. v. Brown*, 948 F.2d 1436, 1448 (5th Cir. 1991)). "The purpose of Section 455(a) is 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *Soniat v. Mitchell*, No. 4:17-cv-00572, 2017 U.S. Dist. LEXIS 153279, *3-*4 (E.D. Tex. Sep. 20, 2017), citing and quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988)).  The standard is an objective one that asks whether a reasonable person would question the impartiality of the judge.  *Id*. at *4.  Waiver of a conflict under 455(a) is possible only upon full disclosure on the record.  *See* 28 U.S.C. 455(e); *Delesdernier v. Porterie*, 666 F.2d 116, 120 (5th Cir. 1982).  Section 455(b)(2) also applies here.  It states that a judge *shall* disqualify himself . . . "*[w]here in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter,* or the judge or such lawyer has been a material witness concerning it." (*emphasis* supplied).  This subsection is *not* waivable.  *See* 28 U.S.C. 455(e); *Delesdernier*, 666 F.2d at 120; *United States v. York*, 888 F.2d 1050, 1055 (5th Cir. 1989).  AlexSam has found no clear line that explicates the phrase "matter in controversy" as used in Section 455(b)(2), but the call is close enough that it may implicate this section.  *See Wheelahan v. City of New Orleans,* No. 19-11720, 2019 U.S. Dist. LEXIS 140821, *8 (E.D. La. Aug. 20, 2019) (§455(b)(2) did not apply where Judge did not previously serve as attorney in the matter in controversy) (citing C*hitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)); *see also United States v. Cleveland*, No. 96-207, 1997 U.S. Dist. LEXIS 6348, *33 (E.D. La. May 5, 1997) ("In this Court's view, a former representation should trigger the 'matter in controversy' requirement if the issues with which it dealt are put 'in issue' in the subsequent case in the sense that they need to be resolved by the judge who is presiding over the subsequent case.").

AlexSam has been aware of Your Honor's involvement in the *Datastream* case as counsel adverse to AlexSam for a number of years,[1] but not until the *Datastream* Order was injected into the *Cigna* case in Magistrate Judge Payne's Report & Recommendation dated September 21, 2021 (*see* Dkt. No. 218) and the briefing that followed did it trigger a conflict pursuant to subsections (a) and (b)(2) of 28 U.S.C § 455.  AlexSam is mindful that such notices of judicial conflicts are subject to timeliness considerations, but there is no *per se* rule as to when it is too late to raise such issues under Section 455.  *See York*, 888 F.2d at 1055.  Until recently, the significance of Your Honor's prior involvement in the *Datastream* case was so attenuated that it did not present an issue relative to Your Honor presiding over the *Simon* and *Cigna* cases.  However, when it became evident that the *Datastream* Order was going to be potentially case-dispositive in these matters before the Court, the need to reconsider whether a conflict existed revealed itself.  Again, only after the *Datastream* Order first became relevant in the *Simon* and *Cigna* cases did Your Honor's conflict become an issue.

While we are reluctant to raise this issue, particularly at this time, we are duty-bound to notify the Court of this conflict that has only recently arisen.  Should the Court agree that the

---

[1] In the case of *WEX Health, Inc. v. AlexSam, Inc*. (E.D. Tex. No. 2:17-cv-00733), AlexSam's counsel filed a notice in 2018 and referenced a letter much like this letter notifying Your Honor of what was a potential conflict in that case.  The case was assigned to a new judge in light of that letter.

Judge J. Rodney Gilstrap re: 2:19-CV-00331-JRG-RSP
October 19, 2021
Page 3


provisions of 28 U.S.C. § 455(a) and/or (b)(2) are implicated, AlexSam believes that this case is distinguishable from prior cases in which disqualification of the presiding judge was raised at a stage of the litigation in which it was too late to go back in time without significant effort to untangle the prior results that could be salvaged from those that could not. In other words, here, nothing would need to be repeated, nor would any of the Court's prior actions need to be revisited.


Sincerely,

*/s/ Timothy C. Davis*  
Timothy C. Davis  
Attorney for Plaintiff, AlexSam, Inc.

*/s/ William J. Cornelius. Jr.*  
William J. Cornelius. Jr.  
Attorney for Plaintiff, AlexSam, Inc.