IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALEXSAM, INC., | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § Case No. 2:20-cv-00081-RWS-RSP |
| | § |
| CIGNA CORPORATION, CIGNA | § |
| HEALTH AND LIFE INSURANCE | § |
| COMPANY, CONNECTICUT GENERAL | § |
| LIFE INSURANCE COMPANY, and | § |
| CIGNA HEALTHCARE OF TEXAS, INC., | § |
| | § |
| *Defendants*. | § |

# ORDER

Before the Court are two motions: (1) the Motion for Summary Judgment of Non-Infringement ("Non-Infringement Motion") (Docket No. 111) filed by Defendants Cigna Corporation, Cigna Health and Life Insurance Company, Connecticut General Life Insurance Company and Cigna Healthcare of Texas, Inc. (collectively, "Defendants" or "Cigna") and (2) the Motion for Summary Judgment of Infringement ("Infringement Motion") (Docket No. 117) filed by Plaintiff AlexSam, Inc. ("AlexSam"). Magistrate Judge Payne entered a Report and Recommendation ("R&R") (Docket No. 218) and recommended granting the Non-Infringement Motion (Docket No. 111) and denying the Infringement Motion (Docket No. 117). AlexSam has filed Objections (Docket No. 221) to which Cigna has responded (Docket No 234). The Court held a hearing on these motions on February 10, 2022. Docket No. 243.

The Court reviews the objected-to portions of the R&R *de novo*. *See* FED. R. CIV. P. 72; *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is

made."). The Court conducting a *de novo* review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

After review of the R&R and the Federal Circuit's determination in *AlexSam, Inc. v. IDT Corp.*, 715 F.3d 1336 (Fed. Cir. 2013) ("*IDT*"), the Court agrees with the opinions articulated in the R&R. The R&R sufficiently addressed the metes and bounds of *IDT* and carefully applied *IDT's* reasoning to the facts of this case. Accordingly, Magistrate Judge Payne determined that Defendants did not infringe the asserted patent—U.S. Patent No. 6,000,608 (the " '608 Patent").

AlexSam argues in response it "found at least three substantive errors in the R&R." Docket No. 221 at 2. The Court addresses each of AlexSam's objections in turn. First, AlexSam argues that "the R&R fails to apply the parties' agreed upon claim construction for 'unmodified . . . .'" *Id*. at 2. AlexSam states that the R&R did "not apply the construction or evaluate its impact on the parties' summary judgment arguments. Instead, the R&R applied a new claim construction . . . ." *Id*. at 5.

Contrary to AlexSam's assertion, the R&R does not present a new claim construction. At the outset, the R&R noted the parties' agreed upon claim construction for the term "unmodified existing standard POS device" is "a terminal, for making purchases, that is of the type in use as of July 10, 1997, and that has not been reprogrammed, customized, or otherwise altered with respect to its software or hardware for use in the card system." Docket No. 218 at 5–6 (citing Docket No. 71 at 59). Rather than present a new claim construction, the R&R clarified—in view of *IDT*—the claim scope and the evidence necessary for AlexSam to meet its burden of showing infringement.[1]

---

[1] Further, AlexSam's concern about the R&R's clarification of the scope of the asserted claims is misplaced. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362–63 (Fed. Cir. 2008) (When the parties have a "fundamental dispute regarding the scope of a claim term," the Court has the duty to resolve that dispute.). Courts have an affirmative duty to clarify a claim's scope before trial. *Id*. Magistrate Judge Payne appropriately did so here.

As the R&R properly noted, "[t]he non-infringement analysis at the summary judgment stage requires the Court to compare the patent claims *as construed* with the accused device." Docket No. 218 at 5 (citing *Convolve, Inc. v. Compaq Comp. Corp.*, 812 F.3d 1313, 1317 (Fed. Cir. 2016) (emphasis added)).  The R&R then went on to detail how:

> The Federal Circuit reviewed the *IDT* District Court Case claim construction, which is virtually identical to this Court's claim construction, and left it undisturbed. Further, *IDT* squarely rejects Alexsam's proposed construction and articulates that the claim language is not limited to "closed systems" but rather is applicable to all POS terminal devices used in the accused system (regardless of "closed" or "open" status). *IDT* holds that Alexsam needed to prove whether any POS terminal used in the accused system was modified, at all, with respect to its hardware or software (i.e. without modification); not whether the terminals used in the accused system were solely modified for the purpose of being used in the accused system.

Docket No. 218 at 9–10 (internal citations omitted).  The Court agrees with the R&R's discussion, analysis and application of *IDT*.

Second, AlexSam argues that it has followed precedent and faithfully applied *IDT* and *AlexSam, Inc. v. Datastream Card Servs. Ltd.*, No. 2:03-cv-337, 2005 WL 6220095 (E.D. Tex. June 10, 2005) ("*Datastream*").  Docket No. 221 at 6–7.  AlexSam's new proposed claim construction, however, disregards both decisions.  The R&R provides a lengthy discussion of both *IDT* and *Datastream*.  Docket No. 218 at 6–10.  The R&R noted how in propagating its agreed construction of "unmodified existing standard POS device," this Court "largely adopted the *Datastream* construction, except with the addition of commas offsetting the 'for making purchases' phrase.  The Court construed the term in this manner to clarify and denote that the phrase 'of the type in use as of July 10, 1997' modifies the word 'terminal'—not 'purchases.' " Docket No. 218 at 6.  Importantly, the R&R highlighted the *Datastream* Court's determination of the meaning of "unmodified" and how "[i]t is a stretch of grammar to propose a construction of the simple word 'unmodified' that is divorced from the meaning ***actually implied*** by the word

itself, **which is without modification**." *Id.* (citing *Datastream*, 2005 WL 6220095 at *5.) (emphasis in R&R). The Court does not find the R&R's analysis and conclusions concerning *Datastream* to be erroneous.

Further, AlexSam indicates that its proposed construction is antithetical to *IDT*. While AlexSam admits that "although the [Federal Circuit] in *IDT* quoted the full construction," it argues that this Court should overlook that important fact and instead interpret "for use in the card system" in a different manner than the Federal Circuit prescribed. Docket No. 221 at 6. The Court agrees with the R&R—that "*IDT* squarely rejects AlexSam's proposed construction and articulates that the claim language is not limited to 'closed systems' "—and will follow the Federal Circuit's precedent in *IDT*. Docket No. 218 at 9–10.

Third, Plaintiff argues that "the R&R failed to examine the totality of the evidence presented by AlexSam and its expert in the light most favorable to AlexSam as the non-movant." Docket No. 221 at 2. As noted in the R&R, the evidence gathered in this case is materially the same as in *IDT*. Docket No. 218 at 11. In *IDT*, the Federal Circuit "conclude[d] that AlexSam failed to present substantial evidence that the terminals used in IDT's Walgreens and EWI systems 'ha[d] not been reprogrammed, customized, or otherwise altered with respect to [their] software . . . for use in the card system." *IDT Corp.*, 715 F.3d at 1342. Here, there is no substantial difference between what was presented in *IDT* and what AlexSam presented before this Court at summary judgment. *See* Docket No. 218 at 11.

AlexSam admits "it did not analyze whether the systems had been 'reprogrammed, customized or otherwise altered' 'in any way' " because it was operating under a different interpretation of the claims. Docket No. 221 at 6. As such, AlexSam uses its evidence to support what is ultimately an incorrect view. As the R&R explained, "AlexSam's evidence in this case,

like its evidence in *IDT*, simply shows that modifications of standard existing POS devices were not required for use in the accused system. Binding precedent establishes that such evidence is insufficient." Docket No. 218 at 13.

The evidence AlexSam presented in this case is indistinguishable from the evidence the Federal Circuit has already deemed to be insufficient in *IDT*. Thus, even construing all facts in favor of AlexSam there is no possibility that AlexSam can carry its burden here to prove infringement.[2]

After conducting a *de novo* review of the briefing on both motions, the R&R, the claim construction briefing and order as well as the briefing on AlexSam's Objections, the Court agrees with the reasoning provided within the R&R and concludes that the Objections fail to show that the R&R was erroneous. Consequently, the Court **OVERRULES** AlexSam's Objections and **ADOPTS** the R&R as the opinion of the Court (Docket No. 218). It is therefore

**ORDERED** that the Non-Infringement Motion (Docket No. 111) is **GRANTED** and the Infringement Motion (Docket No. 117) is **DENIED**.

IT IS SO ORDERED.

**SIGNED this 16th day of March, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[2] The Court also determines that AlexSam's waiver argument (Docket No. 221 at 1, n.1) is unavailing. Defendants' Motion for Summary Judgment of Non-Infringement properly raises Defendants' perception of the impact of *IDT* on this matter. Docket No. 111 at 6.